UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALLIANT ENERGY CORPORATION
222 West Washington Avenue
P O Box 192
Madison, Wisconsin 53701-0192,

and

WISCONSIN POWER AND LIGHT COMPANY
222 West Washington Avenue
P O Box 192
Madison, Wisconsin 53701-0192,

       Plaintiffs,

v.                                    Case No.   00 C 0611 S

AVE M. BIE,
JOSEPH P. METTNER, and
JOHN H. FARROW, in Their
Official Capacities As Commissioners
of the Public Service Commission of Wisconsin
610 North Whitney Way
P O Box 7854
Madison, Wisconsin, 53707-7854,

       Defendants.

## AMENDED COMPLAINT

Plaintiffs Alliant Energy Corporation and Wisconsin Power and Light Company, by their attorneys, for their Amended Complaint against Defendants, allege:

### PARTIES

1.   Alliant Energy Corporation ("Alliant Energy") is a Wisconsin corporation with principal place of business at 222 West Washington Avenue, P.O. Box 192, Madison, Wisconsin 53701-

0192. Alliant Energy conducts business as a Wisconsin public utility holding company, pursuant to Wis. Stats. sec. 196.795, et seq.

2. Wisconsin Power and Light Company ("WPL") is a Wisconsin corporation with principal place of business at 222 West Washington Avenue, P.O. Box 192, Madison, Wisconsin 53701-0192. WPL is a Wisconsin public utility, as defined in Wis. Stats. sec. 196.01(5), engaged in, among other things, the delivery of electric public utility services, pursuant to Wis. Stats. ch. 196.

3. Defendant Ave M. Bie is an adult resident of the State of Wisconsin with business address at 610 North Whitney Way, Madison, Wisconsin 53707. Defendant Bie serves as chairperson and as a commissioner of the Public Service Commission of Wisconsin ("PSC"), pursuant to Wis. Stats. secs. 15.01(2), 15.06 and 15.79 ("Commissioner Bie"). Commissioner Bie is made a party only in her official capacity as a PSC commissioner with the responsibility to carry out the duties of the PSC, including the enforcement of all laws falling within the jurisdiction of the PSC.

4. Defendant Joseph P. Mettner is an adult resident of the State of Wisconsin with business address at 610 North Whitney Way, Madison, Wisconsin 53707. Defendant Mettner serves as a commissioner of the PSC, pursuant to Wis. Stats. secs. 15.01(2),

15.06 and 15.79 ("Commissioner Mettner"). Commissioner Mettner is made a party only in his official capacity as a PSC commissioner with the responsibility to carry out the duties of the PSC, including the enforcement of all laws falling within the jurisdiction of the PSC.

5. Defendant John H. Farrow is an adult resident of the State of Wisconsin with business address at 610 North Whitney Way, Madison, Wisconsin 53707. Defendant Farrow serves as a commissioner of the PSC, pursuant to Wis. Stats. secs. 15.01(2), 15.06 and 15.79 ("Commissioner Farrow"). Commissioner Farrow is made a party only in his official capacity as a PSC commissioner with the responsibility to carry out the duties of the PSC, including the enforcement of all laws falling within the jurisdiction of the PSC.

## JURISDICTION AND VENUE

6. Count I seeks a judgment declaring certain Wisconsin Statutes unconstitutional under the Commerce Clause of the United States Constitution, U.S. Const. Art. I, § 8, cl. 3. This Court has federal question subject matter jurisdiction, pursuant to 28 U.S.C. secs. 1331 and 2201(a).

7. Count II seeks a judgment declaring certain Wisconsin Statutes unconstitutional under the Equal Protection Clause of the United States Constitution, U.S. Const. Amend. XIV, sec. 1. This Court has federal question subject matter jurisdiction,

pursuant to 28 U.S.C. secs. 1331 and 2201(a).

8. Count III seeks a judgment declaring that the enforcement of certain Wisconsin Statutes violates 42 U.S.C. sec. 1983. This Court has federal question subject matter jurisdiction, pursuant to 28 U.S.C. secs. 1331 and 1343(a)(3) and 2201(a).

9. Venue properly lies in the Western District of Wisconsin, pursuant to 28 U.S.C. sec. 1391(b).

**ALLEGATIONS COMMON TO ALL COUNTS**

10. Alliant Energy is a Wisconsin public utility holding company by virtue of its ownership of WPL, a Wisconsin public utility. Alliant Energy also owns, in whole or in part, among others: Interstate Power Company ("IPC"), an Iowa, Minnesota and Illinois public utility; IES Utilities Inc. ("IES"), an Iowa public utility; Alliant Energy Resources, Inc.; Alliant Energy Corporate Services, Inc.; Alliant Energy Nuclear, LLC; and Cargill-Alliant LLC. Alliant Energy, as a holding company, owns and, solely as a corporate parent, monitors the operation and management of all of its corporate subsidiary holdings, including, without limitation, WPL, a Wisconsin public utility, public utilities in other states and non-utility affiliates through its investments worldwide. Alliant Energy, as a holding company, does not operate, direct or control, directly or indirectly, the operations of its subsidiary public utilities,

4

all of which operations are within the plenary management, control, supervision and direction of each subsidiary.

11. Alliant Energy, as a Wisconsin public utility holding company, is subject to ongoing PSC regulation of its activities and investments, pursuant to the laws of the State of Wisconsin, including, without limitation, the statutory provisions that are the subject of this action.

12. Under Wisconsin law, a utility holding company is defined as follows:

   a. Any company which, in any chain of successive ownership, directly or indirectly as a beneficial owner, owns, controls or holds 5% or more of the outstanding voting securities of a public utility, with the unconditional power to vote such securities.

   b. Any person which the commission determines, after investigation and hearing, directly or indirectly, exercises, alone or under an arrangement or understanding with one or more persons, such a controlling interest over the management or policies of a public utility as to make it necessary or appropriate in the public interest or for the protection of the utility's consumers or investors that such person be subject to this section.

Wis. Stats. sec. 196.795(1)(h)1.a and b.

13. A company which owns, operates, manages or controls a telecommunications utility is not a Wisconsin public utility holding company unless such company owns, operates, manages or controls a non-telecommunications public utility. Wis. Stats. sec. 196.795(1)(h)2.

14. Any corporation seeking to invest in WPL, directly or indirectly, by purchasing 5% or more of the outstanding voting securities of WPL, is required to be a Wisconsin corporation incorporated under ch. 180 of the Wisconsin Statutes. Wis. Stats. sec. 196.795(5)(L).

15. Any corporation seeking to invest in Alliant Energy, directly or indirectly, by purchasing 5% or more of the outstanding voting securities of Alliant Energy or, in the alternative, by purchasing 50% or more, or other controlling block, of the outstanding voting securities of Alliant Energy, and, therefore, indirectly through a chain of successive ownership owning, controlling or holding 5% or more of the outstanding voting shares of WPL, is required to be a Wisconsin corporation incorporated under ch. 180 of the Wisconsin Statutes. Wis. Stats. sec. 196.795(5)(L).

16. Alliant Energy is precluded from selling 10% or more of its outstanding voting shares to any person without the express approval of the PSC, pursuant to Wis. Stats. sec. 196.795(3). Public utility holding companies formed prior to November 28, 1985, and providing public utility services are not required to obtain PSC approval before selling 10% or more of their outstanding voting shares. Id.

17. WPL is subject to ongoing regulation by the PSC, which includes regulation of WPL's ability to transfer its license,

permit or franchise to own, operate, manage or control any plant or equipment for the production, delivery or furnishing of heat, light or power in the State of Wisconsin.

18. WPL is precluded from transferring to a foreign corporation its license, permit or franchise to own, operate, manage or control any WPL plant or equipment for the production, delivery or furnishing of heat, light or power. Wis. Stats. sec. 196.53.

19. Alliant Energy's investments in non-utility assets, whether inside or outside of Wisconsin, are limited under Wisconsin law to approximately 25% of the assets of all public utility affiliates in the holding company system, with certain adjustments and exemptions for certain eligible assets (the "asset cap"). For purposes of the asset cap, non-utility assets include investment by Alliant Energy in companies providing utility services outside of Wisconsin, with certain exceptions, including the exception of IES and IPC. Wis. Stats. secs. 196.795(1)(j), 196.795(6m)(a)3 and 196.01(5).

20. Alliant Energy is prohibited from acquiring new, or expanding existing, non-utility assets, either in or outside Wisconsin, once Alliant Energy's non-utility assets have reached the asset cap calculated under the Wisconsin statutory formula. Wis. Stats. secs. 196.795(6m)(a)2,(b),(d), and,(e).

21. Alliant Energy's investments in non-utility affiliates is further limited by the types of non-utility affiliates into which Alliant Energy may invest without subjecting its securities to regulation by the PSC. If any of Alliant Energy's (or any other utility holding company's) non-utility affiliates does not engage in business, or cannot reasonably be expected to engage in business, in one of the four categories set forth in Wis. Stats. sec. 196.795(7)(a)1., 2., 3., 4., Alliant Energy (or any other utility holding company) is deemed to be a "public service corporation," pursuant to Wis. Stats. sec. 200.01(2). Public utility holding companies formed prior to November 28, 1985, and those owning telecommunications utilities are not treated similarly. If Alliant Energy (or any other utility holding company) is deemed to be a public service corporation, as described above, it may not issue securities without the authorization of the PSC, which determines authorization based on its determination of whether issuance of securities is for a proper corporate purpose. Wis. Stats. secs. 196.795(5)(a) and 200.03(1). Other limitations on Alliant Energy's securities and regulation of its securities by the PSC are also applicable if any of Alliant Energy's non-utility affiliates engage in business outside the permitted four areas.

22. A real, present and justiciable controversy exists among the parties regarding the validity of the statutory

provisions set forth in the forgoing paragraphs and the ability of the Commissioners lawfully to enforce such statutes and regulate Alliant Energy and WPL under such statutes.

### COUNT I - VIOLATION OF THE U.S. COMMERCE CLAUSE: U.S. CONST. ART. I, § 8, CL. 3

23. The allegations set forth in paragraph nos. 1-22 are realleged and incorporated herein fully by reference.

24. The following statutes directly regulate or discriminate against interstate commerce and regulate or control commerce occurring wholly outside the state of Wisconsin and, thus, are per se violative of the U.S. Commerce Clause; or, even if they have only an indirect effect on interstate commerce, they are designed only for parochial, protectionist purposes and thus do not serve a legitimate state interest, the burden on interstate commerce is outweighed by any legitimate state benefits sought to be achieved and the means for achieving a legitimate state interest are not the least restrictive means available, in violation of the U.S. Commerce Clause:

> (a) Wis. Stats. sec. 196.795(5)(L), requiring any corporate public utility holding company to be incorporated under Wis. Stats. ch. 180;
>
> (b) Wis. Stats. sec. 196.53, which precludes WPL from transferring to a foreign corporation its license, permit or franchise to own, operate, manage or control any plant or equipment for the production or furnishing of heat, light or power;
>
> (c) Wis. Stats. sec. 196.795(3), which precludes any person, including a foreign person, from holding or acquiring more than 10% of the outstanding

        voting shares of Alliant Energy without PSC approval;

(d)    Wis. Stats. sec. 196.795(6m), which limits Alliant Energy's ability to invest in non-utility investments, whether in or out of Wisconsin; and

(e)    Wis. Stats. secs. 196.795(5)(a) and 200.01(2), which provide that Alliant Energy is deemed to be a "public service corporation" for purposes of PSC regulation under Wis. Stats. ch. 200, if each of Alliant Energy's non-utility affiliates "does not and cannot reasonably be expected to do at least one of the items specified in s. 196.795(7)(a)."

25.    The statutory provisions set forth above, and the regulation of Alliant Energy and WPL by the Commissioners thereunder, restrict and restrain Alliant Energy's and WPL's ability to attract investments, thereby damaging Alliant Energy and WPL.

26.    The statutory provisions set forth in paragraph no. 24 above violate the U.S. Commerce Clause and, therefore, constitute an impermissible interference with interstate commerce. Alliant Energy and WPL are entitled to a judgment declaring such statutory provisions unconstitutional.

### COUNT II - VIOLATION OF THE U.S. EQUAL PROTECTION CLAUSE: U.S. CONST., AMEND. XIV, SEC. 1

27.    The allegations set forth above in paragraph nos. 1-26 are realleged and incorporated herein fully by reference.

28.    Alliant Energy and WPL have a fundamental right to be regulated in a manner that does not violate the U.S. Commerce Clause.

29. The statutory provisions set forth in paragraph no. 24 above do not promote a compelling state interest for the State of Wisconsin and they are not the least restrictive means necessary to achieve a compelling state interest.

30. The classifications discriminating between Wisconsin and foreign corporations, including foreign corporations and foreign corporate public utility holding companies, made by Wis. Stats. secs. 196.53 and 196.795(5)(L), do not serve compelling state interests and are not the least restrictive classifications necessary to achieve compelling state interests.

31. The prohibitions against foreign corporations owning, operating, managing or controlling Wisconsin non-telecommunication utility plants or equipment and against foreign corporate holding companies investing in, and owning, Wisconsin public utilities, under Wis. Stats. secs. 196.53 and 196.795(5)(L), do not serve legitimate state interests and the classifications are not rationally related to the achievement of a goal to serve legitimate state interests.

32. The distinctions between:

(a) foreign investment in, or ownership of, Wisconsin non-telecommunication public utilities and public utility holding companies and foreign investment in, or ownership of, Wisconsin companies in other industries, including the telecommunications industry;

(b) foreign ownership, operation, management or control of any plant or equipment for the production, delivery or furnishing of heat, light

        or power in the State of Wisconsin and foreign ownership, operation, management or control of any plant or equipment in other Wisconsin industries, including the telecommunications industry;

(c)     the purchase of more than 10% of the outstanding voting securities of a Wisconsin public utility holding company and the purchase of similar amounts of securities in other Wisconsin companies in other industries, including the telecommunications industry; and

(d)     the ownership by Wisconsin public utility holding companies of non-utility assets and the ownership of non-utility assets by Wisconsin companies in other industries, including the telecommunications industry,

do not serve compelling state interests and are not the least restrictive means necessary to achieve compelling state interests; or, such distinctions and classifications do not serve legitimate state interests and are not rationally related to the achievement of legitimate state interests.

    33.   The differing treatment of Wisconsin telecommunications utilities and telecommunications holding companies, on the one hand, and other Wisconsin public utilities and public utility holding companies, on the other, for purposes of Wis. Stats. secs. 196.795(3),(5)(a),(6m) and 200.01(2), does not serve a compelling state interest and is not the least restrictive means necessary to achieve a compelling state interest; or the classification does not serve a legitimate state interest and is not rationally related to achieving a legitimate state interest.

34. The statutory provisions set forth in paragraph no. 24 violate the U.S. Equal Protection Clause. Alliant Energy and WPL are entitled to a judgment declaring such statutory provisions unconstitutional.

**COUNT III - VIOLATION OF 42 U.S.C. SEC. 1983**

35. The allegations set forth in paragraph nos. 1-34 are realleged and incorporated herein fully by reference.

36. Regulation of Alliant Energy and WPL by the Commissioners under the statutory provisions set forth in paragraph no. 24, in violation of the U.S. Commerce and Equal Protection Clauses, constitutes a deprivation of Alliant Energy's and WPL's rights and privileges secured by the Constitution and laws under color of state statutes, in violation of 42 U.S.C. sec. 1983.

37. Alliant Energy and WPL are entitled to a judgment declaring such statutory provisions to be in violation of 42 U.S.C. sec. 1983. As a consequence, Alliant Energy and WPL are entitled to a permanent injunction against enforcement of such statutory provisions.

38. Alliant Energy and WPL are entitled to a judgment awarding them their actual costs and attorneys' fees for violation of 42 U.S.C. sec. 1983, pursuant to 42 U.S.C. sec. 1988.

WHEREFORE, Alliant Energy Corporation and Wisconsin Power and Light Company demand judgment as follows:

(A) Under Count I, declaring the statutory provisions set forth herein unconstitutional as violative of the U.S. Commerce Clause, U.S. Const. Art. I, Sec. 8, cl. 3;

(B) Under Count II, declaring the statutory provisions set forth herein unconstitutional under the U.S. Equal Protection Clause, U.S. Const. Amend. XIV, Sec. 1;

(C) Under Count III, for a permanent injunction precluding the enforcement by the Commissioners of the statutory provisions set forth herein, and declaring any such enforcement to be a violation of 42 U.S.C. sec. 1983, and awarding Alliant Energy and WPL there actual costs and attorneys' fees, pursuant to 42 U.S.C. sec. 1988;

(D) Awarding Alliant Energy and WPL their costs, disbursements and attorneys' fees allowed by law; and

(E) For such other legal and equitable relief as is appropriate.

Dated this 19th day of October, 2000.

Respectfully Submitted

By: _____
Thomas M. Pyper
State Bar I.D. No. 1019380
Theresa M. Hottenroth
State Bar I.D. No. 1025578
Attorneys for Plaintiffs Alliant Energy Corporation and Wisconsin Power and Light Company

Of Counsel:
WHYTE HIRSCHBOECK DUDEK S.C.
One East Main Street
Suite 300
Madison, WI 53703-3300

14